IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| KAREEM R. WATTS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:10-0153 |
| ) | |
| DAVID BERKEBILE, Warden, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On February 18, 2010, Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody.[1] (Document No. 1.) As grounds for claiming entitlement to relief, Petitioner alleges that the BOP is incorrectly calculating his sentence. (Id.) Petitioner alleges that on March 30, 2001, he was determined to be a probation violator and sentenced to 1 to 3 years by the District of Columbia Superior Court. (Id., p. 2.) Petitioner explains that his "probation violation resulted from his arrest in criminal #F8085-99C, whereas he acknowledged his arrest probable cause basis for violating his probation." (Id.) Petitioner states that "in criminal #F1592-01, Petitioner received a sentence of 10 years imprisonment which was ordered to run consecutive to sentence #1." (Id., p. 3.) Petitioner argues that "[u]nder proper application of the Respondent's rules and regulations on parole procedures, Petitioner was to receive his Initial Parole Hearing within 120 days of him receiving the 1 to 3 year sentence in case #1." (Id.) Petitioner, therefore, argues that "his Initial Hearing should have been held on July 30, 2001." (Id.)

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Petitioner complains that he did not receive his Initial Hearing until May 2003, which "was 25 months later than what was legally required by their promulgated rules and regulations." (Id.) Petitioner asserts that "[t]his unjustified dely causes him to serve an additional 20 months." (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of his "Sentence Monitoring Computation Data as of 03-24-2003" (Id., pp. 5 - 6.); (2) A copy of his "Sentence Monitoring Computation Data as of 04-19-2007" (Id., pp. 7 - 8.); and (3) A copy of the United States Parole Commission's "Notice of Action" dated June 25, 2003, stating that parole would be effective August 6, 2003, "after the service of 31 months to the consecutive 10-year SRAA sentence only" (Id., p. 9.).

By Order entered on August 23, 2011, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 4.)

On October 17, 2011, Respondent filed his Response to the Order to Show Cause. (Document No. 11.) Respondent argues that Petitioner fails to state a claim for relief because: (1) "He waived any right to an earlier parole date by failing to apply for and later waiving parole consideration before May 2003" (Id., pp. 4 - 5.); (2) "The Commission's decision to depart from the guidelines was a discretionary decision rationally supported by the record" (Id., pp. 6 - 7.); and (3) "He failed to exhaust administrative remedies" (Id., pp. 7 - 10.). As Exhibits, Respondent attaches the following: (1) A copy of the "D.C. Initial Prehearing Assessment" (Document No. 11-1.); (2) A copy of Petitioner's "Sentence Monitoring Computation Data as of 10-13-2011" and "Sentence Monitoring Computation Data as of 08-06-2011" (Document No. 11-2.); (3) A copy of the "Judgment and Commitment/Probation Order" as entered in the Superior Court of the District of Columbia in Case No. F8085-99 (Document No. 11-3.); (4) A copy of the United States Parole

Commission's "Notice of Hearing" dated November 26, 2001 (Document No. 11-4.); (5) A copy of a Memorandum dated January 16, 2002, from the United States Parole Commission noting that Petitioner was "out on writ" (Document No. 11-5.); (6) A copy of the United States Parole Commission's "Waiver Report of Refusal to Apply/Waive or Appear" dated June 21, 2001 (Document No. 11-6.); (7) A copy of the United States Parole Commission's "Representative and Disclosure Request" dated May 6, 2003 (Document No. 11-7.); (8) A copy of an e-mail from Sylvia Lawson to Jane C. Aguilar dated February 20, 2003 (Document No. 11-8.); (9) A copy of Petitioner's "D.C. Initial Hearing Summary" dated June 11, 2003 (Document No. 11-9.); (10) A copy of the United States Parole Commission's Notice of Action dated June 25, 2003 (Document No. 11-10); and (11) A copy of the United States Parole Commission's "Certificate of Parole" dated July 28, 2003 (Document No. 11-11.).

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of

Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences,[2] and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

### **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on June 20, 2012.

to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: November 20, 2012.

R. Clarke VanDervort
United States Magistrate Judge